IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JOHN NORMAN RYAN,

                Plaintiff,                      CV-10-626-ST

        v.                              OPINION AND ORDER

JOHN HARLAN, *et al*,

                Defendants.

STEWART, Magistrate Judge:

## **INTRODUCTION**

On June 3, 2010, plaintiff, appearing *pro se*, filed a Complaint alleging claims under

42 USC § 1983 against a number of defendants for violations of the Fourth, Fifth and Fourteenth

Amendments arising out of an allegedly unlawful arrest on October 5, 2009, and assault and

search on January 4, 2010, at Portland State University ("PSU"). The defendants include

Multnomah County probation officers (John Harlan, Kevin Bowers, Carl Goodman), PSU safety

officers (Michael Soto, Robert McCleary, Michael Anderson, and Renee Nylander), PSU

administrators (Wim Wiewel, Natalee Webb, and Angel James), the manager of a housing unit (Catherine Magdalena), and a Multnomah County Deputy District Attorney (Jeff Howes). Plaintiff has since withdrawn his claim against Jeff Howes without prejudice (docket # 21).

Plaintiff has filed a Motion for Stay and Motion for Appointment of Counsel (docket # 22), followed by another Motion for Appointment of Pro Bono Counsel (docket # 26). For the reasons set forth below, these motions are denied.

## DISCUSSION

### I. Appointment of Counsel

Generally, there is no constitutional right to counsel in a civil case. *United States v. $292,888.04*, 54 F3d 564, 569 (9th Cir 1995) ("*$292.888.04*"); *United States v. 30.64 Acres of Land*, 795 F2d 796, 801 (9th Cir 1986). However, pursuant to the Prison Litigation Reform Act, 28 USC § 1915(e)(1), this court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. *$292,888.04*, 54 F3d at 569; *Wood v. Housewright*, 900 F2d 1332, 1335 (9th Cir 1990); *Wilborn v. Escalderon*, 789 F2d 1328, 1331 (9th Cir 1986). While this court may request volunteer counsel in exceptional circumstances, it has no power to make a mandatory appointment. *Mallard v. U.S. Dist. Court of Iowa*, 490 US 296, 301-08 (1989). There are no funds available to pay the services of such volunteer counsel, and the court must rely solely on its volunteer *pro bono* counsel program.

In order to determine whether exceptional circumstances exist, this court evaluates the plaintiff's likelihood of success on the merits and the ability of the *pro se* plaintiff to articulate his or her claim in light of the complexity of the legal issues involved. *$292,888.04*, 54 F3d at 569; *Wood*, 900 F2d at 1335-36; *Wilborn*, 789 F2d at 1331. However, "[n]either of these factors

is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." *Wilborn*, 789 F2d at 1331; *Terrell v. Brewer*, 935 F2d 1015, 1017 (9th Cir 1991).

To date, plaintiff has demonstrated sufficient ability to articulate his claims. His Complaint fully describes the conduct by each individual defendant underlying his civil rights claims against them. Given that the defendants have filed answers to the Complaint, they have been able to comprehend and address plaintiff's allegations. Despite the number of defendants, this is not a particularly complex case and is similar to most civil rights cases. Admittedly, due to his lack of legal training, plaintiff may have more difficulty than a lawyer in pursuing his claims. However, plaintiff had an attorney representing him in his probation violation hearing (Scott Sharp) and has hired an older Portland Statue University student (Doug Hadsell) as his informal legal advisor in this case and other cases. Although plaintiff now accuses his legal advisor of corruption and sabotage (by acting in collusion with some defendants), the fact remains that he has been able to obtain legal assistance on his own when needed. Furthermore, if his claims have any merit, plaintiff should be able to obtain counsel to pursue them based on the ability under § 1983 to recover attorney fees as the prevailing party. At this stage of the proceedings, there are no exceptional circumstances warranting the effort to obtain volunteer counsel. Therefore, plaintiff's motions for appointment of counsel must be denied.

///

///

///

///

## II.  __Motion to Stay__

Plaintiff also moves for a temporary stay of this case "due to extreme and apparently unavoidable circumstances" while he consults counsel, contacts law enforcement, and amends the Complaint to add his former legal advisor, Mr. Hadsell, as an a defendant.[1]

For the reasons set forth above, the court will not request volunteer *pro bono* counsel on plaintiff's behalf.  Should he retain counsel during the pendency of this case, the court will address any request for additional time to allow counsel to familiarize him or herself with the case at that time.

It is unclear why plaintiff needs a stay to contact law enforcement.  Apparently he believes that certain defendants have engaged in criminal activity.  If criminal charges are filed against any defendant arising from the same civil rights violations alleged in this case, then plaintiff may have a basis to stay this case pending resolution of the criminal charges.  That point has not yet been reached, however.  If and when it is reached, plaintiff may file the appropriate motion.

No stay is necessary to allow plaintiff to amend the Complaint to add Mr. Hadsell as a defendant.  Plaintiff can file that motion to amend at any time.  However, he is cautioned that such a motion will likely be denied as futile.  "Traditionally, the requirements for relief under [§] 1983 have been articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law."  *Crumpton v. Gates*, 947 F2d 1418, 1420 (9th Cir 1991).  Generally, private parties are not acting under color of state law unless they conspire with state officials to deprive

---

[1]  Plaintiff filed a similar motion in another case pending in this court, Case No. 10-885-PK, which was denied for similar reasons (docket # 7).

others of constitutional rights. However, conclusory allegations are insufficient to state a claim of conspiracy. *See Radcliffe v. Rainbow Constr. Co.*, 254 F3d 772, 783-84 (9th Cir 2001). Here, plaintiff's allegations that Hadsell conspired with the other defendants are conclusory and wholly unbelievable.

Plaintiff also states that his physical health is in imminent danger based on his belief that he is suffering from mercury poisoning. He attaches a copy of an affidavit that he presumably filed in support of a motion in one of his pending state court cases "for leave to travel for medical care for perhaps six weeks or so," but does not indicate whether that motion was granted. Absent some confirmation by a medical professional that plaintiff is too ill to prosecute this case, this court is not inclined to grant a stay.

## III. <u>Motion to Waive Statute of Limitations</u>

In his motion to stay, plaintiff asks the court to waive the statute of limitations, but provides no reason for doing so. Furthermore, it appears that all of the alleged conduct by defendants occurred on or after October 5, 2009, well within the two year statute of limitations for § 1983 claims. *See Douglas v. Noelle*, 567 F3d 1103, 1109 (9th Cir 2009) (explaining that the statute of limitations for § 1983 lawsuits is the state law statute of limitations for personal injury actions, and that Oregon's statute of limitations for such actions is two years). If defendants raise a statute of limitations defense, then plaintiff may submit evidence and argument at that time in an effort to toll the statute of limitations.

///

///

## ORDER

For the reasons set forth above, plaintiff's Motion for a Temporary Stay of Proceedings and for Assistance of Counsel (docket # 22) and Motion for Appointment of Pro Bono Counsel (docket # 26) are DENIED.

DATED this 6th day of October, 2010.

s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge
