IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JOHN NORMAN RYAN,

        Plaintiff,                            CV-10-626-ST

      v.                                       OPINION AND ORDER

JOHN HARLAN, *et al*,

        Defendants.

STEWART, Magistrate Judge:

On June 3, 2010, plaintiff, appearing *pro se*, filed a Complaint alleging claims under 42 USC § 1983 against a number of defendants for violations of the Fourth, Fifth and Fourteenth Amendments arising out of an allegedly unlawful arrest on October 5, 2009, and assault and search on January 4, 2010, at Portland State University ("PSU").

Plaintiff has filed a Motion to Compel Discovery (docket # 68), seeking an opportunity to inspect his "student file at the Portland State University, with the provision of a reasonably secure environment with which to view and request copies of elements of the file, an as yet

1 - OPINION AND ORDER

undisclosed property receipt and the electronic contents of plaintiff's student compute account." He states that on August 29, 2010, he mailed a Request for Production to the Oregon Department of Justice offices in Portland, Oregon, but has not submitted a copy of that request to the court. It appears that plaintiff should have mailed his request to Katharine Von Ter Stegge, the attorney representing the state defendants at that time, at the Oregon Department of Justice in Salem, Oregon (docket # 8). On September 20, 2010, Marc Abrams substituted as counsel in place of Ms. Von Ter Stegge (docket # 25) at the same address in Salem, Oregon.

Mr. Abrams denies that plaintiff has served any Request for Production on the Oregon Department of Justice, either in Portland or Salem. Abrams Aff. (docket # 67), ¶ 3. He concedes that plaintiff did make a request directly to PSU on November 9, 2010, for copies of certain petitions that he filed with PSU, but these documents were provided to him on November 15, 2010. *Id*.

Unless a party has been served with and has failed to comply with a Request for Production, this court cannot compel that party to respond. To obtain documents, plaintiff had to serve on the state defendants through either Ms. Von Ter Stegge or Mr. Abrams a Request for Production that, pursuant to FRCP 34, describes "with reasonable particularity each item or category of items to be inspected" and specifies "a reasonable time, place and manner for the inspection." Then within 30 days, the state defendants must respond and state any objections in writing. If the state defendants had failed to timely respond or improperly stated objections, then plaintiff could file a motion to compel a response.

However, the state defendants deny ever receiving plaintiff's Request for Production. If they have not received it, then they are under no obligation to respond and cannot be compelled

by this court to respond.  As the moving party, plaintiff has the burden to establish that he did, in fact, serve a Request for Production on the state defendants for the same documents that he now seeks to obtain through his Motion to Compel.  However, plaintiff has not provided the court with a copy of his Request for Production or any evidence that he served or even emailed it to the state defendants.  Absent that documentation, plaintiff's motion must be denied.

The December 31, 2010 deadline for completing discovery has passed, and the state defendants have filed a Motion for Discovery Sanctions against plaintiff based on his failure to respond to their discovery requests (docket # 61).  Although this court is reluctant to foreclose plaintiff from obtaining discovery, it also will not allow plaintiff to extend the discovery deadline in order to properly request discovery from the state defendants until after resolution of the pending Motion for Discovery Sanctions.

A couple of other issues also must be addressed.  Plaintiff references two attachments in his Motion to Compel.  Plaintiff describes Attachment 1 as "a duplicate disc containing data identical to the one provided to Mr. Abrams" on November 8, 2010.  This disc apparently contains the discovery requested from plaintiff by the state defendants.  However, Mr. Abrams denies receiving this disc or any other discovery requested from plaintiff.  Abrams Aff., ¶ 3.  Therefore, the court has made a copy of the disc available for Mr. Abrams to pick up (docket # 68).

The parties also appear to have an ongoing dispute over plaintiff's failure to pick up his possessions that were left in a PSU locker.  *Id*, ¶ 4.  Plaintiff apparently has now found someone with a car to help him, but has not yet made any arrangements to retrieve his belongings.  *Id*.  Whether he likes it or not, plaintiff must arrange for retrieval of his belongings through PSU's

3 - OPINION AND ORDER

counsel, Mr. Abrams. If plaintiff prefers not to communicate with Mr. Abrams by email, then he must communicate with him by regular mail at a reliable address where he can retrieve mail daily.

One final note: plaintiff should not copy the court with any of his email or regular mail correspondence with Mr. Abrams. The only communications that the court can and will consider are pleadings filed in this case.

## **ORDER**

For the reasons set forth above, plaintiff's Motion to Compel Discovery (docket # 68) is DENIED.

DATED this 5th day of January, 2011.

                               s/ Janice M. Stewart____
                               Janice M. Stewart
                               United States Magistrate Judge