IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JOHN NORMAN RYAN,

        Plaintiff,                        CV-10-626-ST

     v.                                  OPINION AND ORDER

JOHN HARLAN, *et al*,

        Defendants.

STEWART, Magistrate Judge:

On June 3, 2010, plaintiff, appearing *pro se*, filed a Complaint alleging claims under 42 USC § 1983 against a number of defendants for violations of the Fourth, Fifth and Fourteenth Amendments arising out of an allegedly unlawful arrest on October 5, 2009, and assault and search on January 4, 2010, at Portland State University ("PSU"). All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with

1 - OPINION AND ORDER

FRCP 73 and 28 USC § 636(c) (docket # 55).

On December 14, 2010, the PSU defendants (Michael Anderson, Angel James, Robert McCleary, Renee Nylander, Michael Soto, Natalee Webb, and Wim Wiewel) filed a Motion for Discovery Sanctions (docket # 61), requesting the imposition of sanctions against plaintiff under FRCP 37(a)(3)(B)(iv), 37(b)(2)(A)(v), and 37(d) for failing to produce documents as requested. In support, they submitted an affidavit by their counsel, Marc Abrams, confirming that on October 5, 2010, they served on plaintiff a request for production of documents to which a response was due November 8, 2010. Abrams Aff., ¶ 3, Ex. A. Although Mr. Abrams repeatedly reminded plaintiff of his obligation to produce documents and cautioned that the PSU defendants would seek sanctions if he failed to respond, plaintiff did not respond. *Id*, ¶¶ 4, 5, & 7, Exhibits B, C, & E.

Although plaintiff has not filed a response to this motion, he did file a Motion to Compel (docket # 68) with Attachment 1 described as "a duplicate disc containing data identical to the one provided to Mr. Abrams" on November 8, 2010. Mr. Abrams denies receiving this disc or any other discovery requested from plaintiff. However, plaintiff apparently believes that he did provide discovery responses to Mr. Abrams on November 8, 2010. To ensure that the PSU defendants obtained this discovery from plaintiff which they had requested and which plaintiff believes he has produced, this court made a copy of the disc available for Mr. Abrams (docket # 68). Therefore, the PSU defendants now have received, albeit belatedly, the discovery from plaintiff which they requested, obviating the need for this court to issue an order compelling discovery under FRCP 37(a)(3)(B)(iv) or 37(d).

2 - OPINION AND ORDER

FRCP 37(b)(2)(A) exposes a party to a variety of sanctions for failure to comply with a court's discovery order. The sanction of dismissal is appropriate when a party has acted in "flagrant bad faith [ ] after being expressly directed to perform an act by a date certain" and failed to perform that act even after "warnings that their failure . . . could result in the imposition of sanctions under [Rule] 37." *National Hockey League v. Metro. Hockey Club, Inc.*, 427 US 639, 640-41, 643 (1976) (internal quotation marks omitted). The Ninth Circuit has articulated five factors for a court to apply in considering whether the sanction of dismissal is appropriate: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Thompson v. Housing Authority of City of Los Angeles*, 782 F2d 829, 831 (9th Cir 1986).

The drastic sanctions of dismissal or default, however, are limited to situations in which the losing party's non-compliance is due to "willfulness, fault, or bad faith." *Sigliano v. Mendoza*, 642 F2d 309, 310 (9th Cir 1981). "Willfulness" is present where the record demonstrates "disobedient conduct not shown to be outside the control of the litigant." *Henry v. Gill Industries, Inc.*, 983 F2d 943, 948 (9th Cir 1993). When considering dismissal, "the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnston*, 910 F2d 652, 656 (9th Cir 1990).

Plaintiff has not failed to comply with any court order to provide discovery. The PSU defendants complain only that plaintiff has failed to comply with their discovery requests. Therefore, no sanction is available to the PSU defendants against plaintiff under FRCP 37(b)(2). Furthermore, none of the five factors favor dismissal of this case. Any delay in production of

3 - OPINION AND ORDER

documents by plaintiff has not interfered with the public's interest in expeditious resolution of litigation, the court's need to manage its docket, or the public policy favoring disposition of cases on their mertis.  The PSU defendants contend that they clearly have been prejudiced by the lack (or belated delivery) of discovery from plaintiff.  However, they took his deposition on November 22, 2010, and filed a Motion for Summary Judgment (docket # 71) on January 6, 2011, without requesting additional time to review the copy of the disc containing his documents.  Thus, plaintiff's documents evidently were not critical to the summary judgment motion and their belated production has not unduly prejudiced the PSU defendants.  Although less drastic monetary sanctions may be ineffective due to plaintiff's indigency, no other sanctions have been proposed or attempted to date.

## ORDER

For the reasons set forth above, the PSU defendants' Motion for Discovery Sanctions (docket # 61) is DENIED.

DATED this 19th day of January, 2011.

s/ Janice M. Stewart_____  
Janice M. Stewart  
United States Magistrate Judge

4 - OPINION AND ORDER