IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JOHN NORMAN RYAN,

        Plaintiff,                         CV-10-626-ST

       v.                             OPINION AND ORDER

JOHN HARLAN, *et al*,

        Defendants.

STEWART, Magistrate Judge:

## INTRODUCTION

On June 3, 2010, plaintiff, John Ryan, appearing *pro se*, filed a Complaint alleging claims under 42 USC § 1983 against a number of defendants for violations of the Fourth, Fifth and Fourteenth Amendments arising out of three events: (1) an allegedly unlawful arrest on October 5, 2009, at Portland State University ("PSU"); (2) an assault on January 4, 2010, at PSU;

1 - OPINION AND ORDER

and (3) withholding his personal property in two rented PSU lockers. The Complaint alleges that all defendants acted in concert and collusion with one another under color of state law to: (1) prevent Ryan from attending PSU and "accessing certain Federal entitlements;" (2) prosecute him without due process of law; and (3) deprive him of housing.

On February 22, 2011, this court granted the summary judgment motions filed by the PSU defendants (Michael Anderson, Angel James, Robert McCleary, Renee Nylander, Michael Soto, Natalee Webb, and Wim Wiewel) and the Multnomah County defendants (John Harlan, Carl Goodman, and Kevin Bowers) (docket # 93) and entered a Judgment against plaintiff (docket # 94). Plaintiff then filed a notice of appeal to the Ninth Circuit (docket # 113).

As the prevailing parties, the PSU defendants have filed a Bill of Costs in the sum of $270.00 (docket # 99). In addition, plaintiff has filed a Motion for Reconsideration and to Open Discovery (docket # 104). For the reasons set forth below, plaintiff's motion is denied and the Bill of Costs is granted.

## DISCUSSION

### I. Motion to Reconsider

After the PSU defendants and Multnomah County defendants filed their motions for summary judgment, the court granted plaintiff a full month until February 7, 2011, to file his response (docket # 75). However, plaintiff did not timely file a response and was arrested on February 10, 2011. Abrams Aff. (docket # 104), Ex. A. Based on the record and without oral argument, this court granted defendants' motions and entered a Judgment in their favor on February 22, 2011. The day after entry of Judgment, plaintiff filed a Motion for Stay of Proceedings from the Multnomah County Detention Center (docket # 96). Although this court

2 - OPINION AND ORDER

denied plaintiff's motion as moot, it advised him of the option of filing a motion under Federal Rule of Civil Procedure 60 for relief from judgment due to "excusable neglect" (docket # 98).

Although plaintiff styled his motion as one seeking reconsideration, this court construes it as a motion seeking relief from judgment. A party may receive relief from a final judgment under Federal Rule of Civil Procedure 60(b) under the following situations:

> (1) mistake, inadvertence, surprise or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable;
> (6) any other reason that justifies relief.

As his reasons to set aside the Judgment, plaintiff points to "defendant Harlan's culpable conduct," "Mr. Abrams' apparent misconduct," plaintiff's inability to respond to the summary judgment motions "due to circumstances beyond his control," his physical problems, evidence conclusively establishing him "as a fully admitted, regular student," and the viability of his claims. Plaintiff does not attack the validity of the judgment as void, satisfied, released or discharged. Therefore, his motion appears to fall under one of the first three subsections of FRCP 60(b).

### A. **FRCP 60(b)(1)**

Plaintiff appears to claim "mistake, inadvertence, surprise or excusable neglect" under FRCP 60(b)(1) based on his incarceration. However, he offers no reason why he did not timely file his response on or before the due date of February 7, 2011. By the time he was incarcerated

3 - OPINION AND ORDER

on February 10, 2011, the time for responding to defendants' summary judgment motions had already elapsed. Plaintiff similarly fails to explain why he did not move the court for an extension of time in which to file a response to defendants' motions prior to his arrest. Thus, plaintiff has failed to provide any cogent reason to conclude that his failure to respond to defendants' motions was as a result of any "mistake, inadvertence, surprise, or excusable neglect."

### B. FRCP 60(b)(2)

Plaintiff asserts that he has newly discovered evidence "in the form of an affidavit from [his] former attorney indicating his perception of culpable harassment on the part of Defendant Harlan." He claims that this affidavit was only available after discovery closed.

However, he does not explain why this evidence was only available after the close of discovery or why he failed to submit the affidavit in response to defendants' motions. Indeed, he has still not submitted the affidavit although he should have been able to obtain it from his former attorney at any time. More importantly, he fails to explain why an affidavit from his former attorney testifying to his perception that defendant Harlan was harassing him has any relevance to or would raise a genuine issue of material fact concerning any claims or defenses in this case. Thus, any claim of newly discovered evidence has no merit.

### C. FRCP 60(b)(3)

To prevail under FRCP 60(b)(3), plaintiff must "prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented [him] from fully and fairly presenting the defense." *De Saracho v. Custom Food Machinery, Inc.*, 206 F3d 874, 880 (9th Cir 2000) (citations omitted).

4 - OPINION AND ORDER

In addition, he must prove that the fraud could not be discovered "by due diligence before or during the proceedings" and that it "be materially related to the submitted issue." *Pac. & Arctic Ry. and Navigation Co. v. United Transp. Union*, 952 F2d 1144, 1148 (9th Cir 1991) (citations omitted).

Plaintiff asserts that Judge Youlee You of the Multnomah County Circuit Court issued an order granting his request for bench probation rather than supervision by the Multnomah County Department of Community Justice and defendant Harlan. As a result, he concludes that defendant Harlan "knowingly [and] intentionally" misrepresented himself in his declaration submitted in support of the Multnomah County defendants' motion for summary judgment. Judging from his other submissions, plaintiff appears to accuse defendant Harlan of falsely representing himself as being his probation officer after February 2010. Plaintiff's Reply in Response to Bill of Cost and Previous Motion (docket # 129), p. 3. Since the incidents alleged by plaintiff against defendant Harlan occurred in 2009, any misrepresentation by defendant Harlan in February 2010 would not be relevant to any claim or defense. Plaintiff may be confused by the dates, but even so, he does not explain how any misrepresentation by defendant Harlan would enable him to avoid summary judgment.

Moreover, the record remains undisputed that plaintiff was arrested by PSU public safety officers on October 5, 2009, pursuant to an arrest warrant requested by defendant Harlan but issued by Judge You. There is also no dispute that on November 9, 2009, as a result of his arrest, plaintiff received a probation violation hearing before Judge You who found him in violation of the terms of his probation and sentenced him to 34 days in jail. Thus, based on the undisputed facts, defendant Harlan did nothing unlawful in obtaining the arrest warrant, and plaintiff

5 - OPINION AND ORDER

received all the due process to which he was entitled.

Plaintiff also appears to assert that the judgment should be vacated due to the purported misconduct by PSU counsel, Mr. Abrams, of not responding to discovery requests, not honoring a subpoena, improperly asking plaintiff questions about his mental health, and making other untruthful statements or engaging in unethical conduct during the course of this lawsuit. However, plaintiff has made similar assertions in the past which this court has rejected, either because they have been adequately refuted by Mr. Abrams or because they do not impact the merits of any claim or defense. For example, with regard to the subpoena, the PSU defendants timely filed a proper objection within 14 days. Abrams Aff., Ex. B. In sum, the record does not support any misconduct, fraud or misrepresentation by Mr. Abrams that has prevented plaintiff from fully and fairly presenting his claims or that otherwise justifies setting aside the Judgment.

Therefore, plaintiff's motion for relief from the Judgment is denied.

## II.     **Bill of Costs**

As the prevailing parties, the PSU defendants seek to recover costs in the sum of $270.00, consisting of $250.00 for the fees of the Clerk under 28 USC § 1914 and $20.00 for docket fees under 28 USC § 1923. Plaintiff objects to an award of these costs because he claims that he is entitled to relief from the Judgment. He also lodges a conditional objection for any additional charges applied "post facto."

Given that plaintiff is not entitled to relief from Judgment, the PSU defendants are the prevailing parties. This court has the discretion to award costs to a prevailing party pursuant to FRCP 54(d). However, this rule is not read "as giving district judges unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct

of his case." *Farmer v. Arabian Am. Oil Co.*, 379 US 227, 235 (1964). The expenses which may be taxed as costs are enumerated in 28 USC § 1920. Subsection (1) and (5) of that statute expressly allow recovery of the fees of the clerk and docket fees under 28 USC § 1923 as requested by the PSU defendants.

Pursuant to Local Rule 54-1(a), the prevailing party must file and serve a Bill of Costs not later than 14 days after entry of Judgment. Therefore, it is too late for the PSU defendants to claim any additional costs incurred prior to entry of Judgment, and plaintiff's fear in that regard is misplaced.

## **ORDER**

For the reasons set forth above, plaintiff's Motion for Reconsideration and to Open Discovery (docket # 104) is DENIED, and the PSU defendants' Bill of Costs (docket # 99) is GRANTED in the sum of $270.00.

DATED this 13th day of May, 2011.

s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge

7 - OPINION AND ORDER